**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0528n.06
Filed: July 25, 2007

Case No. 06-6276

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| TINA M. PARRELLI-BALL, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| SECRETARY, DEPARTMENT OF THE | ) | COURT FOR THE EASTERN |
| TREASURY, Henry M. Paulson, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

**BEFORE:  BATCHELDER and DAUGHTREY, Circuit Judges; ROSEN,[*] District Judge.**

   **ALICE M. BATCHELDER, Circuit Judge.**  Tina M. Parrelli-Ball was an employee of the

Internal Revenue Service, a division of the Treasury Department.  Ms. Parrelli-Ball retired in 1989

and began receiving disability benefits for an anxiety condition.  In 1990 she settled a previously

filed discrimination claim against the IRS and received $11,000, but also agreed to never again seek

employment with the IRS.  In 2004 she pleaded guilty to a criminal charge of making a false

statement on a compensation form, and the federal court sentenced her to home detention and

probation, ordered her to pay restitution and a fine, and terminated her disability benefits.

   Thereafter, she filed renewed discrimination and retaliation charges against the IRS and when

the charges were dismissed by the Treasury Department and then the EEOC, she filed a civil

---

[*]Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

complaint in federal district court. The defendant Treasury Department moved for summary judgment and Ms. Parrelli-Ball responded by moving for a continuance pursuant to Fed. R. Civ. P. 56(f). The district court denied her motion and granted summary judgment to the Treasury Department. Ms. Parrelli-Ball appealed, arguing that she was entitled to a Rule 56(f) continuance and for that reason the grant of summary judgment was improper.

After carefully reviewing the record, the law, and the parties' briefs, we conclude that the district court's opinion correctly sets out the applicable law and correctly applies that law to the facts contained in the record. The issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.